

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-78,605-01 and WR-78,605-02

**EX PARTE CHRISTOPHER MICHAEL COBOS, Applicant**

**ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. C-37,580-01-A and C-37,581-A IN THE 244th DISTRICT COURT
FROM ECTOR COUNTY**

*Per curiam*.

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and criminal mischief and sentenced to four years' imprisonment and two years imprisonment in a state jail facility, respectively.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal in these cases. We remanded these applications to the trial court for findings of fact and conclusions of law.

The trial court recommends, based upon a supplemental affidavit filed by trial counsel and

an affidavit filed by a deputy sheriff, that relief be denied. We disagree. The record reflects that, while counsel was aware of the Applicant's desire to appeal his convictions, counsel never intended to represent Applicant on appeal and he failed to withdraw or otherwise notify the trial court that appellate counsel should be appointed. Nor did counsel assist the Applicant in filing a *pro se* notice of appeal in these cases. This Court has long held that counsel can not bow out of representation without giving notice to the trial court that he was no longer representing a defendant and that counsel should assist the client in giving a *pro se* notice of appeal. *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988).

Therefore, we find that Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of conviction in Cause Nos. C-37,580-01-A and C-37,581-A from the 244th District Court of Ector County. Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute any appeals, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 23, 2013
Do not publish